*Bowen, J.
The counsel for plaintiffs in error claim, in their argument, that the bill of exceptions does not contain the whole of the evidence given in the cause in the court of common pleas; and that the district court ought for that reason to have dismissed the petition.
There was no objection taken by either party in the district court to the sufficiency of the record. No diminution was alleged or motion made to dismiss the petition, nor was there any opposition to the hearing of the cause before the court, on the record which had been returned there by the common pleas. The defendants below, who were interested in sustaining the judgment of the court of common pleas, may have consented to the hearing of the case on the record which was then before the court. There is nothing to the contrary shown, and it seems just to infer that both parties considered the record sufficiently complete to present, satisfactorily, the points relied on by them respectively. Had not this been the ■case, the district court might have been moved to dismiss the case, •or to require the defects in the record to be supplied; and a denial •of such motion, upon proper application by the party prejudiced, would have been the subject of exception there, and of examination .and correction, on error, in this court-. There is no error apparent in the proceedings of the district court. The facts disclosed in the record before us, authorize such a judgment as was rendered. Before any judgment of an inferior tribunal can be reversed, it must be made to appear affirmatively that some error has been committed ; and in many cases that can only be done by taking exceptions to the rulings of the court.
The bill of exceptions appears to set out the facts of the fcase very fully. We doubt whether the absent papers would, if attached, furnish us any additional aid in settling the principle involved; and so, we suppose, the parties viewed the Case in .the district court. But if we were satisfied that some of the exhibits referred to were not contained in the bill of exceptions, yet as the reference made to them will not allow of their being attached to the bill of exceptions, *26 aiid thus to become a part of the record, it is too late now for the plaintiffs in error to object to the action *of the district court in that respect. That court took the record which the parties submitted to it, without objection, and pronounced judgment thereon. The same record, in this proceeding, comes here for our inspection and judgment, and we must be controlled in our decision by it.
The ease of Hicks v. Person, 19 Ohio, 446, refererred to by counsel for plaintiffs in error, determines that where a writ of error is prosecuted in the Supreme Court, to reverse a judgment of the court of common pleas, on the ground that the court erred in overruling a motion for a new trial, because a verdict was against evidence, all the evidence before the jury, on the trial of the cause, must be brought before the Supreme Court by bill of exceptions.
So, in Burly v. Finn, 1 Ohio St. 409, it was held, that to make a paper a part of a bill of exceptions, it must be incorporated in it, or attached to it, or filed with it, and that it must be signed and sealed at the term at which the exception is taken, and can not be amended after that time.
These cases, which we regard as sound law, do not seem to be applicable to the one now under consideration. They relate to a different'principle and rule of practice.
The principal point of controversy in this case is, whether the administrator should be charged with interest on the money which came into his hands from the estate of the deceased, Thomas Cooch ?
Where an administrator receives money from an estate which he undertakes to settle, and employs it in his own business, or where he loans it out, and receives interest for the use of it, or where he delays for an unreasonable time, and without any satisfactory excuse, to close up the affairs of the estate, it is just that he should make good to the heirs, in the form of interest, any advantage he derives from the use or investment of the money, as well as any loss which results to them by the neglect of the administrator to perform his duty, within a reasonable and proper time.
In the case before us, the evidence does not show that Irwin used the money in any way, except to retain it in hand. The *same specie which came to his hands, from the estate, he produced before the court. He made no loans, nor any personal use of it. He was prevented, by litigation, from an earlier settle *27 ment of his accounts than he effected. No benefit accrued to him by the retention of the money in his hands, and no fault of his occasioned the delay in the settlement of his accounts with the court, preparatory to a distribution among the heirs.
We think, therefore, that the district court committed no error in the order which it made.

Judgment of the district court affirmed.

Bartley, C. J., and Swan, and Brinkerhoee, JJ., concurred. Scott, J., having been of counsel, did not sit.